IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD STEPHENSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-263-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Donald Stephenson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

In March 2011 Petitioner was indicted in Hood County, Texas, Case No. CR11864, on one count of possession with intent to deliver methamphetamine of 4 grams or more but less than 200 grams (count one) and one count of possession of methamphetamine of 4 grams or more but less than 200 grams (count two). SHR-01[2] 4-5, ECF No. 15-15. The indictment also included an enhancement paragraph alleging a prior felony conviction for possession of methamphetamine of one gram or more but less than 4 grams. *Id.* at 5. On January 9, 2012, Petitioner waived his right to

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

[2]"SHR-01" refers to the state court record in Petitioner's state habeas-corpus proceeding in WR-83,573-01; "SHR-02" refers to the state court record in his state habeas-corpus proceeding in WR-83,573-02.

a jury trial and pleaded guilty in open court to count one and true to the enhancement paragraph and a bench trial on punishment commenced. *Id.* at 24; Reporter's R., vol. 2, 4, ECF No. 15-5. At the conclusion of the punishment hearing, the trial court found the enhancement paragraph true and assessed Petitioner's punishment at life imprisonment in TDCJ. SHR-01 29, ECF No. 15-15; Reporter's R., vol. 2, 10, ECF No. 15-5. The state subsequently moved to dismiss count two. SHR-01 58, ECF No. 15-15. Petitioner appealed his conviction, but the state appellate court affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Docket Sheet 1-2, ECF No. 15-3. Petitioner also sought postconviction state habeas-corpus relief by filing two state habeas-corpus applications challenging his conviction. The first was denied by the Texas Court of Appeals without written order and the second was dismissed as a subsequent petition under article 11.07, § 4 of the Texas Code of Criminal Procedure. Action Taken, ECF Nos. 15-14 & 15-16; TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West 2015).

The state appellate court summarized the evidence adduced at the "plea-and-punishment" hearing as follows:

> At the plea-and-punishment hearing, the State called two witnesses. Arresting Officer Richard Branum testified that he arrested Stephenson and found 17.24 grams of methamphetamine on him. During the arrest, Branum looked at several images that were on Stephenson's cellphone. These images tend to link Stephenson with the Aryan Brotherhood of Texas. Stephenson objected to the admission of the photographs into evidence. The trial court overruled his objection.
>
> The State also called Officer Monte Dirickson, who testified that he specialized in gang-related crime investigations, specifically the Aryan Brotherhood of Texas. Dirickson stated that he had previously testified at another trial regarding the Aryan Brotherhood. He also testified that he was aware of Stephenson and had investigated him personally. According to Dirickson, Stephenson was a known member of the Aryan Brotherhood of Texas and his name appeared on several different "official rosters" of Aryan Brotherhood members. These rosters had been seized during other search warrants.

By Dirickson's account, Stephenson is known to hold Aryan Brotherhood meetings at his house. The Aryan Brotherhood refers to these meetings as "church." Dirickson also testified that Stephenson was under indictment on an unrelated charge of engaging in organized criminal activity in Palo Pinto County. Dirickson further stated that he had received other information about Stephenson's Aryan Brotherhood involvement from confidential informants. At the close of the hearing, the trial judge sentenced Stephenson to life, entered judgment accordingly, and this appeal followed.

Assuming without deciding that Branum obtained the photographs made from the contents of Stephenson's cellphone through a violation of search and seizure law, and that they should have been excluded from evidence, we must reverse the conviction unless we determine beyond a reasonable doubt that the admission of these photographs did not contribute to his conviction. To make that determination, we consider the importance of the evidence to the State's case, whether the erroneously admitted evidence was cumulative of other evidence, the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence on material points, and the overall strength of the State's case.

Here, the photographs made from the contents from Stephenson's cellphone were cumulative of other evidence of similar effect. The photographs tended to link Stephenson to the Aryan Brotherhood of Texas, but the State introduced this same evidence and more through the testimony of Dirickson. Indeed, Dirickson testified that he was specifically trained for "gang cases" and that he had been investigating gangs, specifically the Aryan Brotherhood of Texas, for the past eight years. He averred that he had personally investigated Stephenson and that not only was Stephenson a member of the Aryan Brotherhood, Stephenson held gang-member meetings, called "church", at his house.

Dirickson also testified that Stephenson was on several of what police consider "official rosters" for members of the Aryan Brotherhood. Furthermore, Dirickson stated that Stephenson was under an unrelated indictment in Palo Pinto County for engaging in organized criminal activity. He also said that he knew about Stephenson's participation in the Aryan Brotherhood of Texas through confidential informants. We conclude beyond a reasonable doubt that the admission of the complained-of photographs did not contribute to the trial court's assessment of Stephenson's punishment and judgment.

Mem. Op. 2–5, ECF No. 15-3 (citations omitted).

## II. ISSUES

In this federal habeas-corpus petition, Petitioner raises the following grounds for relief:

(1) the trial court erred by admitting into evidence illegally seized evidence from his cell phone, namely, notes on how to make methamphetamine and photographs linking him to the Aryan Brotherhood of Texas;

(2) his appellate counsel was ineffective by failing to raise an ineffective-assistance-of-trial-counsel claim on appeal based on trial counsel's failure to file a motion to suppress illegally obtained evidence;

(3) his appellate counsel was ineffective by failing to raise an ineffective-assistance-of-trial-counsel claim on appeal based on trial counsel's failure to present any mitigating evidence during the punishment hearing; and

(4) his trial counsel was ineffective by failing to file a motion to suppress illegally seized evidence, namely, the drugs from his truck and the notes and photographs from his cell phone.

Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent does not believe that the petition is successive for purposes of § 2244(b) or barred by limitations under § 2244(d). Resp't's Answer 4, ECF No. 14. She does believe, however, that grounds two, three, and four are unexhausted and procedurally barred. *Id.* at 4-11.

## IV. EXHAUSTION AND PROCEDURAL DEFAULT

State prisoners seeking federal habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the factual and legal substance of the federal habeas claim has been presented to the highest court of the state, in this case the Texas Court of Criminal Appeals, in a procedurally proper manner, on direct appeal or in state postconviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A review of Petitioner's brief on appeal, his petition for discretionary review, and his state habeas applications reveals that ground

one was properly exhausted in state court as Petitioner raised the claim in both his appellate brief and petition for discretionary review.

On the other hand, ground two, raised for the first time in Petitioner's petition for discretionary review, was not properly filed. The Texas Court of Criminal Appeals does not entertain claims raised for the first time in a petition for discretionary review. *Ex parte Queen,* 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994). Ground two was also raised in Petitioner's second state habeas application, which was dismissed as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure. SHR-02 10, ECF No. 15-17. As such, it was not properly presented to or considered on the merits by the Texas Court of Criminal Appeals and is unexhausted for purposes § 2254(b)(1)(A).

Nor was ground three properly filed for purposes of exhaustion. The claim was raised for the first time in Petitioner's second state habeas application, which was dismissed as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure. SHR-02 12, ECF No. 15-17. As such, it was not properly presented to or considered on the merits by the Texas Court of Criminal Appeals and is unexhausted for purposes § 2254(b)(1)(A).

Finally, although Petitioner raised an ineffective-assistance-of-trial-counsel claim in his initial state habeas application, the claim was vague and overly broad. No mention was made of the search of his cell phone, and Petitioner now relies upon different legal theories in support of the claim. SHR-01 10-11, ECF No. 15-15. Petitioner did raise a corresponding claim in his second state habeas application. However, as noted previously, the second application was dismissed as a subsequent application under article 11.07, § 4 of the Texas Code of Criminal Procedure. As such, it was not properly presented to or considered on the merits by the Texas Court of Criminal Appeals

and is unexhausted for purposes § 2254(b)(1)(A).

A federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. *E.g., Beard v. Kindler,* 558 U.S. 53, 55 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley,* 541 U.S. 386, 392 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman v. Thompson,* 501 U.S. 722, 731-732 (1991). The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. *Davila v. Davis,* 137 S. Ct. 2058, 2064 (2017).

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) (citing *Coleman,* 501 U.S. at 735 n.1). If Petitioner presented his unexhausted claims at this time to the Texas Court of Criminal Appeals in another state habeas application, the court would find the claims to be procedurally barred under the Texas abuse-of-the-writ doctrine. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4(1)-(2); *Ex parte Whiteside,* 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). This doctrine is an adequate and independent state ground for the purpose of imposing a procedural bar. *See Hughes v. Quarterman,* 530 F.3d 336, 342 (5th Cir. 2008). Thus, Petitioner's grounds two, three, and four are barred from this Court's review.

Petitioner may overcome the procedural default by demonstrating either cause and actual

prejudice for the default or a showing that he is actually innocent of the crime for which he stands convicted. *See Sawyer v. Whitley,* 505 U.S. 333, 338 (1992)*; Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991); *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000). Petitioner does not assert actual innocence. And, his reliance on the *Trevino/Martinez* line of cases has no application to Petitioner's failure to exhaust his state remedies as to grounds two and three. Pet'r's Mem. 3, ECF No. 2; *Trevino v. Thaler,* 569 U.S. 413 (2013); *Martinez v. Ryan,* 566 U.S. 1 (2012). The holdings in *Martinez* and *Trevino* concern the application of the cause-and-prejudice exception, as discussed in *Coleman,* to a procedural default of an ineffective-assistance-of-trial-counsel claim in state court where there is no state habeas counsel in the initial state habeas proceeding or counsel in that proceeding was ineffective. *Martinez,* 566 U.S. at 9 (holding "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"); *Trevino,* 569 U.S. at 429 (applying the *Martinez* doctrine to Texas's procedural system). The Supreme Court has clarified that the cases apply exclusively to ineffective-assistance-of-trial-counsel claims and do not extend to claims of ineffective assistance of appellate counsel. *Davila,* 137 S. Ct. at 2064-70. Petitioner fails to establish cause for excusing the procedural default of his ineffective-assistance-of-appellate-counsel claims. *See Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992). Consequently, grounds two and three are procedurally barred from this Court's review.

Petitioner had no counsel in his initial state habeas proceeding, thus the rule in *Martinez/Trevino* may excuse Petitioner's procedural default of his ineffective-assistance-of-trial-counsel claim under his fourth ground if he can demonstrate that the claim is "substantial." For a claim to be substantial, a "prisoner must demonstrate that the claim has some merit." *Martinez,* 566

7

U.S. at 14. Conversely, an "insubstantial" claim is one that "does not have any merit" or that is "wholly without factual support." *Id.* at 16.

Under the familiar *Strickland* standard, to establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. The failure to file a motion to suppress does not constitute per se ineffective assistance of counsel as guaranteed by the Sixth Amendment. *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986).

There is no factual support for Petitioner's claim that counsel should have filed a motion to suppress the drugs found in his truck. The record does not reveal why counsel did not file a motion to suppress the evidence and testimony relevant to the issue was not developed at the punishment hearing. Additionally, Petitioner admits that he gave his consent to search the truck.

Nor does the record reveal why counsel did not file a motion to suppress the notes on how to make methamphetamine and the photographs of the images from Petitioner's cell phone linking him to the Aryan Brotherhood. Nevertheless, there was no testimony during the punishment hearing regarding the notes and they were not admitted into evidence. The record does reveal that counsel objected to admission of the photographs, on multiple grounds, during the punishment hearing, to no avail. Reporter's R., vol. 2, 6-8, ECF No. 15-5. Counsel may fail to file a motion to suppress as

8

part of a larger trial strategy, because the motion may not be legally correct or because it is not strictly necessary because counsel, as in this case, may make a contemporaneous objection at trial. Petitioner's claims are insubstantial; thus his fourth ground is unexhausted and procedurally barred from this Court's review.

## V. DISCUSSION

Under his first ground, Petitioner asserts that the trial court erred by considering and admitting into evidence the photographs contained on his illegally seized cell phone. Pet. 6, ECF No. 1. Generally, evidentiary rulings by a state court are matters of state law that are not subject to reexamination by the federal courts. It is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Evidentiary rulings by a state court, even if erroneous, become matters for federal habeas-corpus review only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair. *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999); *Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995). The challenged evidence must be a crucial, critical, and highly significant factor in the context of the entire case. *Johnson,* 176 F.3d at 821; *Little v. Johnson,* 162 F.3d 855, 862 (5th Cir. 1998).

Petitioner has not shown how the trial court's admission of the photographs violated the Fourth Amendment or rendered his trial fundamentally unfair. Relying on the United States Supreme Court case of *Riley v. California,* 134 S. Ct. 2473 (2014) (holding the search incident to arrest exception to the warrant requirement does not extend to a search of digital contents of a lawfully seized cell phone absent exigent circumstances), Petitioner asserts that the photographs were the

product of an illegal search of his cell phone incident to his arrest. However, *Riley* was decided after the conclusion of Petitioner's trial in January 2012. And, as recently as 2012, the Fifth Circuit upheld a warrantless search of a cell phone when done incident to an arrest. *See United States v. Rodriguez,* 702 F.3d 206, 209 (5th Cir. 2012) ("In *United States v. Finley,* [477 F.3d 250, 259–60 (5th Cir. 2007)], we held that a search incident to an arrest of the contents of a cell phone found on an arrestee's person for evidence of the arrestee's crime was allowable, analogizing it to a search of a container found on an arrestee's person."). It was not until *Riley* was issued in 2014 that it became clearly established (at least in the Fifth Circuit) that warrantless searches of cell phones violated the Fourth Amendment. The search here occurred on November 28, 2010. Therefore, at the time of the search and petitioner's trial in 2012, it was not "clearly established" that in order to search a cell phone after a valid arrest a warrant was needed. Petitioner's reliance on *Chimel v. California,* 395 U.S. 752 (1969), in the alternative, is equally without merit. *See Arizona v. Gant,* 556 U.S. 332, 343 (2009) (decided after *Chimel* and allowing a warrantless search of a vehicle "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle'"). Thus, the trial court's ruling was not contrary to, or an unreasonable application, of clearly established federal law as established by the United States Supreme Court at the time. 28 U.S.C. § 2254(d)(1).

Nor has Petitioner demonstrated that admission of the photographs rendered his punishment hearing fundamentally unfair. Based on the reasons cited by the state appellate court, the Court cannot conclude that they were a crucial, critical, or highly significant factor in the trial court's assessment of Petitioner's punishment.

## VI. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 is **DENIED** and a certificate of appealability is **DENIED**.

    **SO ORDERED** on this 8th day of March, 2018.

                                                    _____
                                                    Reed O'Connor
                                                  **UNITED STATES DISTRICT JUDGE**